**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-7226**

CURTIS L. KING,

                    Plaintiff - Appellant,

          v.

OFFICER YANCEY YOUNG,

                    Defendant – Appellee,

          and

JON OZMINT; WARDEN CARTLEDGE; MAJOR LEWIS; CAPT. MURSIER;
LT. STEVEN; LT. CROUTCH; SGT. MACKY; SGT. WRIT; OFC.
CURHLEY; DOCTOR MCCREE; RN CRAWFORD; RN ANDREW; RN BLACK;
CYNTHIA CHERNECKI; SOUTH CAROLINA DEPARTMENT OF CORRECTIONS,
Known and unknown officials in official and individual
capacity security medical; THOMAS A. MOORE, Medical
Director,

                    Defendants.

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  R. Bryan Harwell, District Judge.
(0:11-cv-01455-RBH)

Submitted:  January 15, 2015          Decided:  January 20, 2015

Before WILKINSON and NIEMEYER, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

Curtis L. King, Appellant Pro Se.  Kay Gaffney Crowe, BARNES, ALFORD, STORK & JOHNSON, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis L. King seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 (2012) complaint. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's final order dismissing the § 1983 complaint with prejudice was entered on the docket on June 16, 2014. The notice of appeal was filed on July 29, 2014.[*] Because King failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

---

[*] For the purpose of this appeal, we assume that the date appearing on the envelope in which King mailed his notice of appeal is the earliest date the document could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

3

before this court and argument would not aid the decisional process.

DISMISSED